**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**JESSICA BROWN**,

        Plaintiff,

v.                                                            **Civil Action No. 5:12-CV-5**
                                                                                  Judge Bailey

**TRI-STATE AMBULANCE, INC.**,

        Defendant.

**ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pending before this Court is Defendant's Motion for Summary Judgment (Doc. 28), filed January 4, 2013. The Motion has been fully briefed and is ripe for decision.

The plaintiff filed this action in the Circuit Court of Ohio County, West Virginia, on December 9, 2011. The defendant removed the case to this Court on January 10, 2012. The original Complaint (Doc. 1-1) included two claims for relief. First, the plaintiff alleged that the defendant failed to timely pay her the final wages to which she was entitled in violation of the West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5-1, *et seq.* ("WVWPCA"). Second, the plaintiff alleged that she was terminated by the defendant in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq.* On October 9, 2012, the plaintiff filed an Amended Complaint, adding a claim for gender discrimination under the West Virginia Human Rights Act and a claim for punitive damages. The defendant's Motion will be granted in part and denied in part.

1

## I. West Virginia Wage Payment and Collection Act

With respect to Count I of the Amended Complaint, the defendant argues that while the WVWPCA requires that an employee be paid his or her final wages within 72 hours of termination, the employer paid the plaintiff in full on August 25, 2011, rendering the claim moot. The defendant fails to grasp the meaning and intent of the Act.

West Virginia Code § 21-5-4(b) provides that "[w]henever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours."

West Virginia Code § 21-5-4(e) provides, in pertinent part, that "[i]f a person, firm or corporation fails to pay an employee wages as required under this section, such person, firm or corporation shall, in addition to the amount which was unpaid when due, be liable to the employee for three times that unpaid amount as liquidated damages."

As it is clear that the employer did not pay the plaintiff the wages she was due within 72 hours of her termination, the defendant is liable to the plaintiff for three times her wages then due. Accordingly, this Court will grant summary judgment in favor of the plaintiff and award the plaintiff the amount of $2,301. Plaintiff's counsel is invited to submit a statement of attorneys fees and costs related to the WVWPCA claim.

## II. Disability Accommodation

The plaintiff alleges that she developed a painful hip condition on August 1, 2011, which required her to miss work. She received a slip to be off work from her physician and advised the defendant of her need to have a temporary leave of absence. Her doctor gave her a return to work slip permitting her to return on August 14, 2011. When she called on August 12 about returning to work, she was told to come in and talk to Robert Ritner, a

management supervisor. When she came in, she was advised that she was terminated effective August 1, 2011.

In its Motion, the defendant contends that the plaintiff was terminated in response to an incident when she was texting on her cell phone while operating an ambulance. While at first blush this might seem logical, the series of events leaves a genuine issue as to whether the reason given was a mere pretext for a failure to accommodate an employee disability:

| | |
|---|---|
| April 7, 2011 | The plaintiff was "written up" for having her shirt untucked. |
| May 4, 2011 | The plaintiff was "written up" for arriving late. |
| June 6, 2011 | The plaintiff was "written up" for failing to restock her ambulance. |
| July 8, 2011 | The plaintiff was posting to Facebook the number of miles to her destination, Cleveland, while operating an ambulance.[1] |
| July 11, 2011 | The plaintiff was "written up" and given a written warning and final warning for the posting incident on July 8. |
| August 1, 2011 | Plaintiff develops her hip condition. |
| August 1-12, 2011 | Plaintiff is off work due to her hip condition. |
| August 12, 2011 | Plaintiff is terminated "effective August 1, 2011," based upon the July 8, 2011, incident. |

The fact that the July 8 incident had already been addressed in the July 11 incident report, a jury could reasonably find that the August 12 dismissal was a pretext for a

---

[1] The plaintiff admits making the posts, but contends that she was stopped in road construction at the time the posts were made. She denies that she was playing games on her cell phone.

dismissal due to her hip injury.

In its Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 31), the defendant raises, for the first time, that the plaintiff was written up for being late on the day she took medical leave. This report was not mentioned in her termination notice. Accordingly, a jury could discount this as being a reason.

For the reasons stated above, this Court will deny the defendant's Motion insofar as it pertains to the alleged failure to accommodate a disability.

**III.    Gender Discrimination**

The plaintiff bases this cause of action on the fact that the male employee riding with the plaintiff on the July 8 trip told the employer that she was lying - in that she was posting to Facebook while the ambulance was moving and was playing games on her phone. The plaintiff argues that the fact that the employer chose to believe the male co-worker over her partial denial constitutes gender based discrimination. This Court cannot agree. First, the plaintiff has admitted that she was, in fact, posting to Facebook, albeit while the ambulance was not moving. Second, there is an insufficient basis to conclude that the decision to believe the co-worker was gender based, as opposed to the fact that he was an independent witness with nothing to gain or lose or the fact that the plaintiff admitted some cell phone based activity.

This Court will grant summary judgment on this claim.

**IV.    Punitive Damages**

The defendant has moved for summary judgment on Count IV of the Amended Complaint, which is simply a claim for punitive damages. A claim for punitive damages is not a separate cause of action, but rather a claim for damages. In fact, none of the briefs

4

even address the issue.  To the extent that the defendant intended to move for summary judgment on the issue, the same will de denied.

**V.     Conclusion**

For the reasons stated above,  Defendant's Motion for Summary Judgment (**Doc. 28**) is **GRANTED IN PART AND DENIED IN PART**.  Summary judgment is **GRANTED** in favor of the plaintiff with respect to Count I of the Amended Complaint and the plaintiff is awarded judgment against the defendant in the amount of $2,301, plus attorneys fees and costs to be awarded.  Summary Judgment is **DENIED** with respect to Counts II and IV of the Amended Complaint.  Summary judgment is **GRANTED** in favor of the defendant with respect to Count III of the Amended Complaint.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 19, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE